**Bernard SHUSTER, on behalf of all others similarly situated, Plaintiff—Appellant,**

v.

**SYMMETRICOM, INC.; William D. Rasdal; J. Scott Kamsler; Robert M. Austin; Ronald Duren, Defendants—Appellees.**

No. 00–16893.

D.C. No. CVv–94–20024–RMW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 2002.

Decided May 30, 2002.

Before BRUNETTI, LEAVY, and T.G. NELSON, Circuit Judges.

## MEMORANDUM *

Shuster appeals the district court's order granting summary judgment for Symmetricom. We affirm the district court.

To violate the Securities Exchange Act, Symmetricom's statements must have been (a) false or misleading and (b) made with the intent to deceive or with deliberate recklessness.[1] None of Symmetricom's statements satisfy both of those elements.

The statements regarding the existence of the Bell South contract were not misleading because both parties fully expected to execute the contract. Statements concerning projections of orders from AT & T also were not misleading because the evidence shows that Symmetricom believed AT & T was still interested in the Integrated Digital Services Terminal (IDST) product at the time Symmetricom made the statements. While the record indicates that there were some bugs in the IDST system, it also indicates that Symmetricom had fixed many of the problems and believed its negotiations with AT

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir.1996) (statements must be false or misleading and made with scienter); *Ronconi v. Larkin,* 253 F.3d 423, 429 (9th Cir.2001) (defining scienter as intentionally or with deliberate recklessness).

& T were on track. And Symmetricom's statements that Pacific Bell was intending to install IDST in its Local Services Offices (LSO) applications were not misleading. The record shows that Pacific Bell had ordered some IDST units for use in its LSO applications and Symmetricom had started to ship those units. Finally, Symmetricom's general statements of optimism were not misleading because the Telecom Solutions division was doing well. Although the IDST program was not as successful as anticipated, no dispute exists regarding the fact that the rest of Telecom Solutions was doing very well, creating increased earnings for that division.

■ A material question of fact does exist as to whether the revenue recognition figures were misleading because it is unclear what the agreement was between Pacific Bell and Symmetricom for payment of four IDST units. However, even assuming the accounting figures were misleading, Shuster presents no evidence of scienter, the second requirement of the Securities Exchange Act. Thus, summary judgment was still appropriate.

■ To act with scienter, Symmetricom must have intentionally or with deliberate recklessness made false or misleading statements to investors.[2] Recklessness entails not merely negligence, but "an extreme departure from the standards of ordinary care ... which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it."[3] The record does not establish any evidence of scienter. Instead, the record shows that Symmetricom reasonably believed the IDST program would be successful. In addition, the officers, with the exception of Austin, did not sell any of their stock holdings while the price was high, and actually lost money on the stock options they received one month before the decline in value of the stock. Finally, Shuster produces no evidence that Symmetricom intended to manipulate the accounting figures. Rather, the record indicates that Symmetricom believed it used the proper accounting technique. The district court did not err in concluding that "no reasonable jury in this case could find that any of the alleged misstatements were made with scienter."

Because none of Symmetricom's statements were both misleading and made with scienter, we affirm the district court's grant of summary judgment in favor of Symmetricom.

AFFIRMED.